**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Staci B.,[1] | : | |
| | : | Case No. 2:24-cv-01886 |
| Plaintiff, | : | |
| | : | Judge Graham |
| v. | : | |
| | : | |
| Commissioner of Social | : | Magistrate Judge Silvain |
| Security, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

Plaintiff Staci B. ("Plaintiff") initiated this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). *See* Statement of Errors, doc. 10. The Magistrate Judge issued a Report and Recommendation ("R&R") which found Plaintiff's Statement of Errors unpersuasive and recommended that the Commissioner's final decision be affirmed. Doc. 13. Plaintiff's objections to the R&R are now before the Court and ripe for ruling. Doc. 14. For the reasons that follow, the Court **OVERRULES** the objections, **ADOPTS** the R&R, in full, and therefore **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[1]

## LEGAL FRAMEWORK & STANDARD OF REVIEW

### *Social Security*

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

[2]

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).

The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

*Judicial Review*

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. See *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the

Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746); *see also Wilson*, 378 F.3d at 545–46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### *Objections to a Report and Recommendation*

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 904 (E.D. Mich. 2021) "The filing of objections provides the district court with the opportunity… to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Hardy v. Comm'r of Soc. Sec.*, 554

[4]

F. Supp. 3d 900, 904 (E.D. Mich. 2021) (quoting *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)). Therefore, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## SUMMARY OF ADMINISTRATIVE RECORD

Neither party raises any issues with the Magistrate Judge's summary of the procedural history and recitation of the ALJ's findings of fact and conclusions of law in the R&R:

> In the present case, Plaintiff protectively filed her applications for Disability Insurance Benefits and for Supplemental Security Income on October 8, 2021, alleging disability due to several impairments, including "left torn rotator cuff, bicep relocated on left arm to armpit, degenerative disc, two bulging disc[s], anxiety, left knee, [and] carpal tunnel on left." (Doc. #7-6, *PageID* #408). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Irma Flottman. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.3 She reached the following main conclusions:
>
> > Step 1: Plaintiff has not engaged in substantial gainful activity since December 8, 2017, the alleged onset date.
> >
> > Step 2: She has the following severe impairments: degenerative disc disease, herniated nucleus pulposus, and spinal stenosis of the lumbar spine with lumbar

[5]

radiculopathy; arthropathies status post left rotator cuff repair; hypertension; cellulitis; and morbid obesity.

Step 3: She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity ("RFC"), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work… except no climbing ladders, ropes, and scaffolds; occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs; and frequent reaching in all directions with the left upper extremity. She should avoid concentrated exposure to extreme cold, extreme heat, and humidity, and all exposure to hazards such as unprotected heights, dangerous equipment, and commercial driving." She is unable to perform her past relevant work as a warehouse worker or a forklift operator.

Step 5: Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers that she can perform in the national economy, such as an order clerk, screener or copy examiner.

(Doc. #7-2, *PageID* #s 119-27). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from December 17, 2017, though the date of the decision, May 17, 2023. *Id.* at 127-28.

Doc. 13, # 1447-48. [2]

## DISCUSSION

Plaintiff argues that the Administrative Law Judge ("ALJ") erred in her analysis regarding the medical opinion of Dr. Monica Grygo, Plaintiff's primary care provider. Doc. 14, # 1458. Specifically, Plaintiff contends that the ALJ violated 20 C.F.R. § 404.1520c by failing to adequately discuss the supportability and consistency factors. The Magistrate Judge thoroughly summarized the relevant regulations, and Plaintiff raised no specific objections thereto:[3]

> Since Plaintiff filed his/her applications after March 27, 2017, they are governed by the regulations describing how evidence is categorized, considered, and articulated when a residual functional capacity is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017). A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from

---

[2] Page numbers following the "#" symbol refer to the ECF PAGEID numbering system. Page numbers following "Tr." refer to the pagination of the administrative record.

[3] Plaintiff's objections largely reiterate the arguments made in her Statement of Specific Errors without reference to the Magistrate Judge's analysis.

[Plaintiff]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 404.1520c(c)(1)–(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 404.1520c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. 20 C.F.R. § 404.1520c(b)(2).

While these regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the regulations "set forth a 'minimum level of articulation' to be provided in determinations and

[8]

> decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at \*8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

Doc. 13, # 1449-51. The Magistrate Judge concluded that the ALJ complied with the relevant regulations, and the Court agrees.

Dr. Grygo opined that Plaintiff had diagnoses of "chronic left sided low back pain w/ sciatica," and "panic attacks," and that due to these conditions, Plaintiff could sit for "about 2 hours" and could stand/walk for "about 2 hours." Doc. 7-7, # 1144. Dr. Grygo further opined that Plaintiff would sometimes need to take unscheduled breaks, noting the cause as "panic attacks" (the box indicating "pain" as a cause for unscheduled breaks was left unchecked). *Id.* And Dr. Grygo opined that Plaintiff would likely be absent from work "about three days per month." *Id.* at # 1145.

The ALJ concluded that Dr. Grygo's opinion was "less persuasive" because it was "not well supported by citation to the evidence and is not consistent with treatment records." Doc. 7-2, # 125. Indeed, the medical source opinion submitted by Dr. Grygo is contained entirely in a two-page form without reference to any treatment records. Doc. 7-7, # 1144-45. As the Magistrate Judge noted, the third question on the form, which specifically invites the provider to "identify the clinical findings and objective signs that support… your opinions herein," was left blank. Doc. 13, # 1452-

[9]

53 (quoting doc. 7-7, # 1144). Plaintiff argues that "the ALJ was required to review the whole record to determine what support, if any, Dr. Grygo provided in support of her opinions." Doc. 14, # 1459 (citing 20 C.F.R. § 404.1520(a)(3)). But Plaintiff also argues that "Dr. Grygo did not need to cite to the record to support her opinion." *Id.*

Plaintiff cites no authority for her proposition that "it was the ALJ's responsibility to determine whether Dr. Grygo provided enough support for her opinions," nor for her suggestion that the ALJ cannot discount the medical opinion for its lack of citation to supporting records. *Id.* On the other hand, the Magistrate Judge disposed of this very argument with citations to other cases in this circuit which have held that the lack of citations to treatment records has a negative impact on the supportability of the opinion. Doc. 13, # 1452-53 (citing cases). Simply put, the ALJ reasonably determined that Dr. Grygo's opinion was "not well supported" when it failed to identify any record evidence in support of the opinion. Doc. 7-2, # 125.

Though Plaintiff contends that the ALJ had to search the record for supporting evidence, she fails to identify any such evidence in the record which would yield a different outcome. For example, Plaintiff cites Tr. 76, which shows treatment notes for a skin lesion on her knee. Dr. Grygo is merely listed as the "referring provider." Doc. 7-2, # 100. This does not support Dr. Grygo's opinion regarding Plaintiff's limitations. Regardless, even if this treatment had apparent relevance to Plaintiff's limitations, the treatment occurred in December 2023, well over a year after Dr. Grygo provided the medical source opinion in August 2022. The same is true of Plaintiff's citation to Tr. 1379, which are treatment notes from Dr. Grygo in February

[10]

2023, discussing Plaintiff's "severe" back pain which "started suddenly." Doc. 7-8, # 1409. Plaintiff's sudden onset of back pain in February 2023 does not support Dr. Grygo's opined limitations from August 2022. To the extent Plaintiff identifies treatment notes preceding Dr. Grygo's opined limitations, they do not support Dr. Grygo's opinion that Plaintiff has work-preclusive limitations.

As to consistency, the ALJ thoroughly discussed the balance of the record evidence regarding the severity of both Plaintiff's back pain and her generalized anxiety disorder with panic attacks.[4] *See* doc. 7-2, # 120-26. As to her back pain, the ALJ found that "the evidence of record indicates good response to treatment for her shoulder and back pain with residual limitations." *Id.* at # 123. As to her anxiety and panic attacks, the ALJ found that such impairment "does not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and is therefore nonsevere." *Id.* at # 120. Both findings were accompanied by thorough discussions and citations to specific parts of the record. Therefore, the ALJ did not err by finding Dr. Grygo's opinion to be inconsistent with the medical treatment in the record.

In sum, the Court finds no error in the ALJ's consideration of the supportability and consistency factors as to Dr. Grygo's opinion and thus finds Plaintiff's objections to the R&R to be without merit.

---

[4] As the Magistrate Judge observed, the portion of the ALJ's decision specifically discussing Dr. Grygo's opinion is only a paragraph, but the decision as a whole "contains substantial evidence to support the ALJ's conclusion." Doc. 13, # 1453.

## CONCLUSION

For the reasons set forth above, the Court finds no error in the ALJ's benefits determination. Therefore, Plaintiff's objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, the Commissioner's nondisability finding is **AFFIRMED**, and this case is **DISMISSED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 10, 2026

[12]